-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════════

DEBRA-ANN BUCZEK,

          Plaintiff,

     -v-

WELLS FARGO TRUST SERVICE BANK, N.A., et al.,

          Defendants.

**DECISION and ORDER**
15-CV-28S

═══════════════════════════════════════

     Plaintiff, Deborah-Ann Buczek, acting *pro se*, filed this action by submitting a document entitled "Writ of Replevin [F.R.C.P. Rule 64], 'RICO Act'" (Docket No. 1, Writ of Replevin), and an application to proceed *in forma pauperis* (Docket No. 2).  The Clerk of Court, upon opening this matter, docketed the Writ of Replevin as a "Motion for Writ in Replevin by Deborah-Ann Buczek" ("Writ of Replevin").  (Docket No. 1.)  The Court, as obligated, liberally construed the Writ of Replevin as a Complaint, *see Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996), and, *inter alia*, granted Plaintiff permission to proceed *in forma pauperis* and directed the Clerk of Court to cause the Summons and Complaint (Writ of Replevin) to be served upon the named Defendants, except for Defendant New York State Supreme Court Justice Timothy Walker, who was dismissed from the action pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) (absolute judicial immunity).  (Docket No. 8, Decision and Order.)  The Court also denied Plaintiff's Motions for a Stay of all Foreclosure Proceedings Pending in New York State Supreme Court, Erie County, and for "Mandatory Judicial Notice."  (*Id.*)

     Plaintiff then filed two Motions for Reconsideration of the Court's Decision and Order, both of which were denied on the bases that (1) Plaintiff had not demonstrated any circumstances under which reconsideration should be granted, *see Virgin Atl. Airways, Ltd.*

*v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992), and (2) Plaintiff failed to establish that this case warranted the extraordinary relief of an injunction against the state court foreclosure proceedings at issue under the All Writs Act, 28 U.S.C. § 1651, or that this case fell within one of the enumerated exceptions to the Anti-Injunction Act.  (Docket No. 13, Text Order.)

Before providing to the Clerk of Court the necessary number of completed summonses and United States Marshal Process Receipt and Return Forms (USM-285) for service upon all Defendants, Plaintiff filed a Motion for a Hearing (Docket No. 14), an Amended Writ of Replevin, which the Court construes herein as an Amended Complaint (Docket No. 15), and a Motion for Service by the United States Marshal and to Reinstate Defendants Gilbert Reyes, Patricia Fulwiller, and American Eagle Abstract, Inc., who were terminated as parties to the action by the Clerk of Court upon the filing of the Amended Writ of Replevin because they were not as named as Defendants in the Caption (Docket No. 16).

The Amended Complaint supersedes Plaintiff's original Writ of Replevin and renders it of no legal effect.  *See Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).  Although Plaintiff names 21 defendants in the caption of her Amended Complaint, she sets out factual allegations against only five of them in the body of the pleading.  (Docket No. 15.)  No factual allegations are contained in the Amended Complaint against the other 16 purported defendants.  *Cf.* Fed. R. Civ. Pro. 8 (a)(2) (requiring that a plaintiff include "a short and plain statement of the claim showing that the pleader is entitled to relief"); Fed. R. Civ. Pro. 8 (d)(1) (requiring that a pleading contain "simple, concise, and direct" allegations).  Because Plaintiff has failed to allege any facts against 16 of the defendants that she includes in the caption of her Amended Complaint, those

2

16 defendants will be dismissed for failure to state a claim upon which relief can be granted. *See* 28 U.S.C. § 1915 (e)(2)(B)(ii) (authorizing a court to dismiss at any time a complaint or any portion thereof filed by an individual proceeding *in forma pauperis* for failure to state a claim upon which relief may be granted).  Plaintiff has also failed to name in the caption or allege facts against Gilbert Reyes, Patricia L. Fulwiler, and American Eagle Abstract, Inc. Plaintiff's motion to "reinstate" them as defendants will therefore be similarly denied.  *See* 28 U.S.C. § 1915 (e)(2)(B)(ii).

Accordingly,

IT IS HEREBY ORDERED, that the Clerk of Court is directed to cause the United States Marshals Service to serve the Summons and Amended Writ of Replevin, together with a copy of this Decision and Order, on Defendants Wells Fargo Trust Service Bank, N.A.; Gasper A. Tirone; Elaine E. Tirone; Gasper A. Tirone and Elaine E. Tirone Trust, dated February 9, 2011; and Steven W. Wells, without Plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in Plaintiff's favor;

FURTHER, that the Clerk of Court is directed to dismiss and terminate the following individuals and entities as defendants in this action: Garry M. Graber; Jason E. Markel; Michael E. Reyen; Craig T. Lutterbein; Gregory J. Gillette; John E. Schmidt, Jr.; Scott Janas; Stanley Kwieciak, III, Esq.; William F. Savino; Brian D. Gwitt; Darryl J. Colosi; John Garbo; New York State Tax Department; Mrs. Gribble; Suzanne McFayden; and Sam Maneaun;

FURTHER, that Plaintiff's Motion for Service by the United States Marshal and to Reinstate Defendants Reyes, Fulwiller and American Eagle Abstract, Inc. (Docket No. 16)  is DENIED as moot to the extent it requests Marshals Service of the Summons and Amended Writ of Replevin, *see* Fed.R.Civ.P. 4(c)(3), DENIED to the extent it seeks "reinstatement" of

Defendants Reyes, Fulwiller, and American Eagle Abstract, Inc., and DENIED in all other respects;

FURTHER, that the Motion to Dismiss (Docket No. 22) filed by Patricia L. Fulwiler is DENIED as moot in light of her previous dismissal from this case and this Court's Order denying Plaintiff's request to "reinstate" her;

FURTHER, that Plaintiff's Motion for a Hearing (Docket No. 14) is DENIED as premature; and

FURTHER, that Plaintiff is directed to submit to the Clerk's Office forthwith accurate and complete copies of the necessary number of summonses and Marshal Process Receipt and Return Forms (USM-285) so that the United States Marshals Service can serve the Summons and Amended Writ of Replevin as directed; and

FURTHER, that to the extent any Defendant or former Defendant has been served with a Summons and original Writ of Replevin to date, the Amended Writ of Replevin has superseded the original Writ of Replevin and rendered it of no legal effect[,]" *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) and, accordingly, said Defendants and former Defendants need not take any action with respect to the original Writ of Replevin;

FURTHER, that because former Defendant Gilbert Reyes is no longer a party to this action, his Motion for Extension of Time to Answer (Docket No. 17) is DENIED as moot.

SO ORDERED.

Dated:      August 5, 2015
            Buffalo, New York

                                        _____s/William M. Skretny_____
                                        WILLIAM M. SKRETNY
                                        United States District Judge