UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DEBORAH ANN BUCZEK,

                              Plaintiff,

        v.                                                    **DECISION AND ORDER**
                                                              15-CV-28S

GASPER A. TIRONE, ET AL.,

                              Defendants.

## I. INTRODUCTION

        Presently before this Court is a Motion to Dismiss pro se Plaintiff Deborah Ann
Buczek's Amended Writ of Replevin filed by Defendants Gasper A. Tirone; Elaine E.
Tirone; the Gasper A. Tirone and Elaine E. Tirone Trust, dated February 9, 2011; and
Steven W. Wells ("the moving defendants").  (Docket No. 27.)  The moving defendants
argue that dismissal is warranted because this Court lacks subject-matter jurisdiction
under the Rooker-Feldman doctrine, the claims are barred by *res judicata*, and,
alternatively, Buczek fails to state a claim upon which relief can be granted.

        For the following reasons, this Court will deny the moving defendants' request to
dismiss this case for lack of subject-matter jurisdiction but will grant their request for
dismissal under the doctrine of *res judicata*.

## II. BACKGROUND

        Cognizant of the distinct disadvantage that pro se litigants face, federal courts
routinely read their submissions liberally and interpret them to raise the strongest

arguments that they suggest.  See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).  Since Buczek is proceeding pro se, this Court has considered her submissions and arguments accordingly.

The operative pleading is Buczek's Amended Writ of Replevin, which is a rambling document replete with sovereign-citizen notations and arguments.  This Court has construed the Amended Writ of Replevin as an amended complaint and will refer to it as such.  (Docket No. 23.)

Stripping away the irrelevant portions of the amended complaint, which constitute a considerable amount of material, Buczek asserts claims arising out of a foreclosure action in state court.  See Amended Complaint, Docket No. 15, p. 2, ¶ 2 (describing Buczek's claims as arising "in the State of New York Supreme Court County of Erie Index No. 807348/2014").

Buczek alleges that the moving defendants initiated state foreclosure proceedings against her property at 6841 Erie Road, Derby, NY, in violation of New York law.  See Amended Complaint, p. 7, ¶ 5(B); p. 12, ¶ 7.  She further alleges that the moving defendants fraudulently caused the property to be sold by the state court referee, and that they forged title instruments evidencing their ownership of the property.  See Amended Complaint, p. 14, ¶ 9; p. 16, ¶ 14.

Buczek challenges the state court proceedings as "a wrongful foreclosure" and maintains that the foreclosure sale is "void and invalid."  See Amended Complaint, p. 16, ¶ 14.  She complains that, in violation of her Due Process rights, she was denied

proper notice and service of proceedings, and that the moving defendants lacked standing to pursue foreclosure.  <u>See</u> Amended Complaint, p. 16-17, ¶¶ 14-21.

On September 18, 2014, the state court granted summary judgment against Buczek and dismissed all of her defenses to foreclosure.  <u>See</u> Amended Complaint, Exhibit D.  In that decision, the state court ordered that the foreclosure action could proceed, including the appointment of a referee and the preparation of an application for Judgment of Foreclosure and Sale.  <u>See</u> <u>id.</u>

Buczek filed the instant action on December 24, 2014.  (Docket No. 1.)

The state court thereafter entered a Judgment of Foreclosure and Sale on February 2, 2015.  <u>See</u> Declaration of Kevin M. Kearney, Docket No. 27-2, Exhibit A. Buczek filed a Notice of Appeal of that judgment on February 27, 2015.  <u>Id.</u>  The Judgment of Foreclosure and Sale entered judgment against Buczek, authorized the sale of the property, and directed the referee to take certain actions.  <u>See</u> <u>id.</u>

Buczek now seeks to recover quiet title to 6841 Erie Road, possession of the property, the assessed value of the property ($685,000), and $2,025,000 in punitive damages.  <u>See</u> Amended Complaint, p. 8, ¶ 5(H); p. 15, ¶ 13; p. 24, ¶ 36; pp. 25-26, WHEREFORE clause.

## III. DISCUSSION

The moving defendants argue that Buczek's amended complaint must be dismissed for lack of subject-matter jurisdiction, because her claims are barred by the <u>Rooker-Feldman</u> doctrine.  They further argue that Buczek's claims are barred by *res judicata*.  Alternatively, they argue that Buczek fails to state a claim upon which relief can be granted.

## A.      Subject-matter Jurisdiction

The plaintiff, as the party seeking to invoke the court's jurisdiction, bears the burden of demonstrating proper subject-matter jurisdiction.   McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936); Scelsa v. City Univ. of N.Y., 76 F.3d 37, 40 (2d Cir. 1996).  In turn, a defendant may assert lack of subject-matter jurisdiction as a defense under Rule 12(b)(1), which permits dismissal of an action if the "district court lacks the statutory or constitutional power to adjudicate it."  Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000).

The Rooker-Feldman doctrine holds that federal district courts lack subject-matter jurisdiction to review final decisions of state courts or to reverse or modify state court judgments.  See Rooker v. Fidelity Tr. Co., 263 U.S. 413, 415-16, 44 S.Ct. 149, 68 L.Ed. 362 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983).   The doctrine bars federal courts from exercising "jurisdiction over cases that essentially amount to appeals of state court judgments."  Vossbrinck v. Accredited Home Lenders, Inc., 773 F.3d 423, 426 (2d Cir. 2014).  It is a narrow doctrine that applies only to federal lawsuits brought by "state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005).

Four conditions must be met for the Rooker-Feldman doctrine to apply: "(1) the federal-court plaintiff must have lost in state court; (2) the plaintiff must complain of

injuries caused by a state-court judgment; (3) the plaintiff must invite district court review and rejection of that judgment; and (4) the state-court judgment must have been rendered before the district court proceedings commenced." Davis v. JP Morgan Chase Bank, NA, No. 14-CV-6263 (KMK), 2016 WL 1267800, at *5 (S.D.N.Y. Mar. 30, 2016) (citing Hoblock v. Albany Cty. Bd. of Elections, 422 F.3d 77, 85 (2d Cir. 2015)) (internal quotation marks omitted); see also Vossbrinck, 773 F.3d at 426.  The first and fourth conditions are procedural, the second and third are substantive.  See Hoblock, 422 F.3d at 85.

The moving defendants argue that all four Rooker-Feldman conditions are met: Buczek lost in state court; Buczek complains of injuries caused by a state-court judgment; Buczek invites this Court's review and rejection of the state-court judgment; and the state court granted summary judgment before Buczek initiated these proceedings.  See Davis, 2016 WL 1267800, at *5.  The moving defendants are correct on the first three points, but they are wrong on the fourth.

As to the fourth element, the moving defendants maintain that the Rooker-Feldman doctrine applies to interlocutory orders, particularly the state court's decision granting summary judgment in this case.  That used to be true in the Second Circuit. See, e.g., Campbell v. Greisberger, 80 F.3d 703, 707 (2d Cir. 1996) ("It cannot be the meaning of Rooker-Feldman that, while the inferior courts are barred from reviewing *final* decisions of state courts, they are free to review interlocutory orders.")(emphasis in original).  But the Second Circuit now recognizes that the United States Supreme Court's decision in Exxon Mobil abrogated that line of jurisprudence.  See Green v. Mattingly, 585 F.3d 97, 101 (2d Cir. 2009) ("Much of our prior case law, however, was

abrogated by [Exxon Mobil]."); Hoblock, 422 F.3d at 85 (noting that Exxon Mobil overturned the Second Circuit's Rooker-Feldman standard); Best v. City of New York, No. 12 Civ. 7874 (RJS)(SN), 2014 WL 163899, at *8 (S.D.N.Y. Jan. 15, 2014) (noting that "Exxon Mobil Corp. abrogated previous Court of Appeals' decisions that applied the Rooker-Feldman doctrine to interlocutory state-court orders").   The Rooker-Feldman doctrine now applies only to final state-court judgments.  See Lance v. Dennis, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006)(per curiam)("lower federal courts are precluded from exercising appellate jurisdiction over *final* state-court judgments") (emphasis added); Davis v. Baldwin, 594 Fed.Appx. 49, 50 (2d Cir. Feb. 25, 2015) (holding that "the Rooker-Feldman doctrine does not apply here because Davis does not invite review and rejection of a 'final state-court judgment'") (citing Lance).

More  importantly,  however,  the  state-court  judgment  that  Buczek  complains caused her injury is not, as the moving defendants contend, the state court's decision granting  summary  judgment,  which  preceded  Buczek's  filing  of  this  action.    That decision merely permitted foreclosure to proceed; it did not cause the injury Buczek seeks to remedy.  See Ayyad-Ramallo v. Marine Terrace Assocs. LLC, No. 13-CV-7038 (PKC), 2014 WL 2993448, at *4 (E.D.N.Y. July 2, 2014) (rejecting argument that a ruling on summary judgment caused the plaintiff's injury because that ruling did not order that the plaintiff be evicted).

Rather, it was the Judgment of Foreclosure and Sale authorizing the sale of the property that caused Buczek's alleged injury.  That judgment post-dates the filing of this federal action.  Thus, what exists here is parallel state and federal litigation, which does not trigger the Rooker-Feldman doctrine.  See McClellan v. Carland, 217 U.S. 268, 282,

6

30 S.Ct. 501, 54 L.Ed. 762 (1910) ("the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction"); Hoblock, 422 F.3d at 85 (""Rooker-Feldman has no application to federal-court suits proceeding in parallel with ongoing state-court litigation").  The Rooker-Feldman doctrine therefore does not apply.  See Ayyad-Ramallo, 2014 WL 2993448, at *3 ("Although many of the factors and considerations of the Rooker-Feldman doctrine are present here, Rooker-Feldman is inapposite for one simple reason: the state-court judgment of eviction was not rendered before the district court proceedings commenced.").

For these reasons, this Court finds that the Rooker-Feldman doctrine does not apply to divest this Court of subject-matter jurisdiction.  The moving defendants' motion to dismiss on this basis is therefore denied.

**B.     Res Judicata**

"A federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered."  Migra v. Warren City Sch. Dist. Bd. of Educ., 465 U.S. 75, 81, 104 S.Ct. 892, 896, 79 L.Ed.2d 56 (1984).  The doctrine of *res judicata* thus provides that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."  Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct 411, 66 L. Ed. 2d 308 (1980).  *Res judicata* protects against "the expense and vexation attending multiple lawsuits, conserves judicial resources, and

fosters reliance on judicial action by minimizing the possibility of inconsistent decisions."

Montana v. United States, 440 U.S. 147, 153-54, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979).

The Second Circuit has recently explained the two components of *res judicata*:

> The term *res judicata*, which means essentially that the matter in controversy has already been adjudicated, encompasses two significantly different doctrines: claim preclusion and issue preclusion.  See Taylor v. Sturgell, 553 U.S. 880, 892, 128 S.Ct. 2161, 171 L.Ed.2d 155 (2008).  Under *claim preclusion*, "a final judgment forecloses successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit."  Id. (internal quotation mark omitted).  The doctrine precludes not only litigation of claims raised and adjudicated in a prior litigation between the parties (and their privies), but also of claims that might have been raised in the prior litigation but were not.  See St. Pierre v. Dyer, 208 F.3d 394, 399 (2d Cir. 2000).  The doctrine of *issue preclusion*, in contrast, "bars successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim."  Taylor, 553 U.S. at 892, 128 S.Ct. 2161 (internal quotation marks omitted).

Marcel Fashions Grp., Inc. v. Lucky Brand Dungarees, Inc., 779 F.3d 102, 108-09 (2d Cir. 2015).

Under New York law, "[t]he doctrine of res judicata precludes a party from litigating a claim where a judgment on the merits exists from a prior action between the same parties involving the same subject matter."  In re Josey v. Goord, 9 N.Y.3d 386, 389, 849 N.Y.S.2d 497, 880 N.E.2d 18 (N.Y. 2007) (citation and quotation omitted). New York applies a "transactional approach" to *res judicata*, meaning that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a

different remedy." In re Hunter, 4 N.Y.3d 260, 269, 794 N.Y.S.2d 286, 827 N.E.2d 269 (N.Y. 2005)(citation and quotation omitted).

Res judicata applies where (1) there is a previous judgment on the merits, (2) the previous action involved the party (or a party in privity) against whom res judicata is invoked, and (3) the claims involved were or could have been raised in the previous action. See People ex rel. Spitzer v. Applied Card Sys., Inc., 11 N.Y.3d 105, 122, 863 N.Y.S.2d 615, 894 N.E.2d 1 (N.Y. 2008); Niles v. Wilshire Inv. Grp., LLC, 859 F. Supp. 2d 308, 338 (E.D.N.Y. 2012).

Here, the final Judgment of Foreclosure and Sale is a previous judgment on the merits; Buczek was indisputably a party to the state foreclosure action; and all of the claims and arguments Buczek asserts were or could have been raised in the foreclosure proceedings.   Each of Buczek's claims and allegations in the amended complaint attack the foreclosure proceedings.   Even Buczek's fraud claims go to the underlying basis for foreclosure. See, e.g., Amended Complaint, p. 14, ¶ 9; p. 16, ¶ 14. Buczek's claims are therefore barred by res judicata and must be dismissed. See Long Is. Sav. Bank v. Mihalios, 269 A.D.2d 502, 503, 704 N.Y.S.2d 483 (N.Y. App. Div. 2000) ("A judgment of foreclosure and sale entered against a defendant is final as to all questions at issue between the parties, and concludes all matters of defense which were or might have been litigated in the foreclosure action.").[1]

---

[1] Because this Court finds that Buczek's claims are barred by res judicata, it need not reach the moving defendants' arguments that Buczek fails to state claims on which relief can be granted.

## IV. CONCLUSION

For the foregoing reasons, this Court finds that Buczek's claims are barred by the doctrine of *res judicata.*  The moving defendants' motion to dismiss will therefore be granted.[2]

## V.  ORDERS

IT HEREBY IS ORDERED, that the moving defendants' Motion to Dismiss (Docket No. 27) is GRANTED.

FURTHER, that Plaintiff's Motion for Leave to File Sur-Reply (Docket No. 37) is DENIED, this Court finding no further briefing necessary.

FURTHER, that in light of the dismissal of this case, the Clerk is directed to terminate all other pending motions as moot (Docket Nos. 32, 38, 43).

FURTHER, that the Clerk of Court shall CLOSE this case.

SO ORDERED.


Dated:       April 24, 2016
             Buffalo, New York

                                          /s/William M. Skretny
                                       WILLIAM M.  SKRETNY
                                       United States District Judge

---

[2] Because Buczek's claims are barred by *res judicata*, she cannot sustain them against any defendant. This case will therefore be dismissed in its entirety.